John L. Littrell, State Bar No. 221601
jlittrell@bienertkatzman.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile:  (949) 369-3701

*Attorneys for Defendant
Michael Edwards*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWARDS,<br><br>Defendant. | Case No. 8:20-cr-00018-JVS-3<br>Hon. James V. Selna<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NINE, TWENTY-TWO THROUGH TWENTY-SEVEN, THIRTY-NINE, AND FORTY ON GROUNDS OF MULTIPLICITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: November 2, 2020<br>Hearing Time: 9:00 a.m.<br>Courtroom: 10C (Hon. James V. Selna) |

MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 2, 2020 at 9:00 a.m. in the courtroom of the Honorable James V. Selna, in the United States District Court for the Central District of California ("Court"), located at 411 West Fourth Street, Santa Ana, California, Defendant Michael Edwards ("Dr. Edwards") will and hereby does move this Court for an order dismissing Counts Nine, Twenty-Two through Twenty-Seven, Thirty-Nine, and Forty on the grounds of multiplicity.

The basis for this Motion is that: (a) Count Nine alleges a violation of the health care fraud statute (18 U.S.C § 1347(a)(2)) based on the same allegedly fraudulent claim that is identified in Count Eight; (b) Counts Thirty-Nine and Forty are multiplicitous to Counts One through Twenty-One because violations of 42 U.S.C §§ 1320a-7b(b)(1)(A) are a lesser included offense to violations of 18 U.S.C § 1347; and (c) Counts Twenty-Two through Twenty Seven, which allege violations of 18 U.S.C § 1341, are multiplicitous to Counts One through Twenty-One because the "gist" of both offenses is the same alleged fraudulent scheme that rests on exactly the same facts, and the legislative history of the health care fraud statute indicates the congressional concern that the scope of criminal liability should be carefully limited under that statute and that the government cannot circumvent the statute by re-charging the same offense under Section 1341. Alternatively, the Court should compel the government to elect which of the counts it intends to prove at trial and dismiss the remaining counts.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the files and records of this case and on such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

Dated: September 28, 2020

BIENERT | KATZMAN PC

By: _____
John L. Littrell
Whitney Z. Bernstein
*Attorneys for Defendant Michael Edwards*

NOTICE OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The government is seeking to punish Dr. Edwards multiple times for the same alleged criminal conduct and based on a single alleged kickback and referral scheme, in violation of the Double Jeopardy Clause.

Dr. Edwards is charged with twenty-one counts of health care fraud in violation of 18 U.S.C §§ 1347(a)(2) and 2; six counts of mail fraud in violation 18 U.S.C. §§ 1341 and 2(b); and two counts of illegal remunerations in connection with health care program in violation of 42 U.S.C §§ 1320a-7b(b)(1)(A) (the "Anti-Kickback Statute") and 18 U.S.C. § 2(b). *See* Indictment (Dkt. 1) at ¶¶ 25-29, 32-33.

However, Count Nine alleges a violation of the health care fraud statute (18 U.S.C § 1347(a)(2)) based on the same allegedly fraudulent claim that is identified in Count Eight. Therefore, Count Nine is subject to dismissal based on multiplicity. In addition, Counts Thirty-Nine and Forty are multiplicitous to Counts One through Twenty-One (the health care fraud counts) because violations of the Anti-Kickback Statute are a lesser included offense to health care fraud. Lastly, Counts Twenty-Two through Twenty-Seven (*i.e.* the mail fraud counts) are multiplicitous of the health care fraud counts because the "gist" of both offenses is the same alleged fraudulent scheme that rests on exactly the same facts. The alleged mailings are merely the payments for the same claims identified in the health care fraud counts and, therefore, the mail fraud counts violate the Double Jeopardy Clause's prohibition against multiple punishments for the same act. In addition, the legislative history of § 1347 indicates Congress' concern that the scope of criminal liability under that statute should be carefully limited and the government cannot circumvent the health care fraud statute by re-charging the same offense under Section 1341.

Accordingly, Dr. Edwards moves to dismiss Counts Nine, Twenty-Two through Twenty-Seven, Thirty-Nine, and Forty in the Indictment. Alternatively, the Court should compel the government to elect which of the counts it intends to prove at trial and dismiss the remaining counts since telling the jury that Dr. Edwards engaged in three separate

crimes based on a single course of conduct would falsely suggest to a jury that he committed not one, but multiple crimes.

## II.   THE INDICTMENT CHARGES THAT A SINGLE ALLEGED KICKBACK SCHEME CONSTITUTES THREE SEPARATE CRIMES.

The crimes with which Dr. Edwards has been charged all stem from one alleged scheme.  According to the Indictment, Dr. Edwards and others participated in a fraudulent scheme from April 2014 through August 2016 to submit claims for reimbursement for "medically unnecessary" compound creams to TRICARE and the International Longshore and Warehouse Union ("ILWU"), health care benefit programs that were known for paying some of the highest rates of reimbursement for the fulfillment of prescriptions for compound creams.  *See* Indictment at ¶¶ 1-35.

The government contends that a company called Professional Compounding specialized in the preparation of compound creams based on prescriptions authorized by physicians and other medical professionals and paid kickbacks to sales agents and medical marketers who solicited these prescriptions from doctors and routed these scripts to Professional Compounding for fulfillment.  *See id.* at ¶¶ 1-2.  Dr. Edwards is a medical doctor who, the government contends, set up and supervised sham clinical pain studies that analyzed the effectiveness of compound creams as an alternative to commonly-prescribed oral pain medications.  The government alleges that these studies targeted a certain class of patients that had government or private insurance that paid lucrative reimbursement rates for compound creams, and that sales marketers would then pay Dr. Edwards commissions for having referred compound drug prescriptions to Professional Compounding.  *See id.* at ¶¶ 5-7.  The other defendants named in the Indictment are sales marketers who allegedly participated in the scheme and the owner of Professional Compounding.  *See id.* at ¶¶ 1-5, 8.

Counts One through Twenty-One charge Dr. Edwards with health care fraud in violation of 18 U.S.C §§ 1347(a)(2) and 2. The government contends that Dr. Edwards and others aided and abetted each other "to execute the fraudulent scheme" by causing Professional Compounding to submit allegedly false claims to TRICARE and ILWU in connection with compounded drug prescriptions in 2015 and 2016. *See* Indictment at ¶ 25. In particular, Counts Eight and Nine of the Indictment are identical. Count Eight alleges that Dr. Edwards and others violated the health care fraud statute by submitting a false claim to health care benefit program TRICARE in the amount of $4,443 on April 23, 2015: *See id.* at p. 25.

| EIGHT | 4/23/15 | Claim submitted by Professional Compounding to TRICARE in the approximate amount of $4,443 for compounded drug prescription in the name of beneficiary D.S. | JAMES NATE BELL REGINA PIEHL MICHAEL EDWARDS SARA SAMHAT |

Likewise, Count Nine of the Indictment alleges that Dr. Edwards and others violated the health care fraud statute based on the submission of the same claim identified in Count Eight:

| COUNT | DATE | CLAIM | DEFENDANTS |
| --- | --- | --- | --- |
| NINE | 4/23/15 | Claim submitted by Professional Compounding to TRICARE in the approximate amount of $4,443 for compounded drug prescription in the name of beneficiary D.S. | JAMES NATE BELL REGINA PIEHL MICHAEL EDWARDS SARA SAMHAT |

*See id.* at p. 26.

The mail fraud counts (Counts Twenty-Two through Twenty-Seven) allege that Dr. Edwards and others, "for the purpose of executing and attempting to execute the above-described scheme to defraud," caused various payments from TRICARE and ILWU to be mailed to Professional Compounding in 2015 and 2016. *See id.* at ¶ 29.

The Anti-Kickback Statute counts (Counts Thirty-Nine and Forty) allege that Dr. Edwards received two separate checks in March 2015 that constituted kickbacks in exchange for providing prescriptions to Professional Compounding in connection with the alleged fraudulent scheme. *See id.* at ¶ 33.

## III.  COUNTS NINE, TWENTY-TWO THROUGH TWENTY-SEVEN, THIRTY-NINE, AND FORTY ARE MULTIPLICITOUS AND SHOULD BE DISMISSED.

Multiplicity occurs when a single offense is charged in two or more counts, thereby producing two penalties for one crime in violation of the Constitution's Double Jeopardy Clause. *See United States v. Lynn*, 636 F.3d 1127, 1138 (9th Cir. 2011); *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).

"Congress ordinarily does not intend to punish the same offense under two different statutes." *Ball v. United States*, 470 U.S. 856, 861 (1985).  Therefore, a court may not enter multiple convictions and impose multiple punishments based on counts that charge the same conduct. *Id*.

### A.  <u>Counts Eight and Nine are multiplicitous because they are identical.</u>

As clearly demonstrated above and in the Indictment, Counts Eight and Nine of the Indictment are identical – they are based on the same underlying claim in the amount of $4,443 submitted to TRICARE on April 23, 2015 in the name of beneficiary "D.S."  *See* Indictment at pp. 25-26.  Accordingly, Count Nine is multiplicitous to Count Eight and should be dismissed.

### B.  <u>Counts Thirty-Nine and Forty are multiplicitous to Counts One through Twenty-One because as charged in this case, violations of the Anti-Kickback Statute are lesser included offenses to health care fraud.</u>

Where one act allegedly violates multiple statutes, the court must apply the test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Under *Blockburger*, counts of an indictment are multiplicitous unless each violation "'requires proof of an additional fact which the other does not.'"  *United States v. McKittrick*, 142 F.3d 1170,

1176 (9th Cir. 1998) (quoting *Blockburger*, 284 U.S. at 304); *see also Albernaz v. United States*, 450 U.S. 333, 337 (1981). In making that determination, the court looks not just at the elements of the statutes, but also at how the offenses were charged in the indictment and presented at trial. *United States v. Ogba*, 526 F.3d 214, 234 (5th Cir. 2008). Counts are also multiplicitous where the conduct charged in one count is a lesser-included offense to another count. *Rutledge v. United States*, 517 U.S. 292, 307 (1996); *United States v. Davenport*, 519 F.3d 940, 945 (9th Cir. 2008).

To establish a violation of health care fraud, the government must prove that Dr. Edwards: (i) "knowingly and willfully;" (ii) "executed or attempted to execute a scheme or artifice;" (iii) "to obtain, by means of false or fraudulent pretenses . . . any of the money or property" from any health care benefit program; (iv) "in connection with the delivery of or payment for health care benefits . . . ." 18 U.S.C. § 1347(a)(2). Similarly, to establish a violation of the Anti-Kickback Statute, the government must prove that Dr. Edwards: (i) "knowingly and willfully;" (ii) solicited or received; (iii) any remuneration directly or indirectly; (iv) in return for referring or arranging the furnishing of a service for which payment is made in whole or part under a Federal health care program. 42 U.S.C. § 1320a-7b(b)(1)(A).

In *Ogba*, the Fifth Circuit held that the district court committed plain error in imposing sentences for the defendant's health care fraud conviction and illegal remuneration conviction because they were multiplicitous. *Ogba*, 526 F.3d at 234-36. Although the Court recognized that the statutes on their face each required proof of an additional fact that the other does not (for example, "[i]llegal remuneration does not require fraud or falsity" and "[h]ealth care fraud . . . requires fraud or falsity but does not require payment in return for a referral"), its analysis "may not stop here." *Id.* at 234. In a detailed analysis, the Court reasoned that "if [the defendant's] healthcare fraud conviction were based entirely on proof of his receipt of kickbacks, which he did dishonestly, then a conviction for illegal remuneration is a lesser included offense of healthcare fraud; building from the illegal remuneration conviction, the only additional element necessary for the

MOTION TO DISMISS

health care fraud conviction is fraud or falsity." *Id.* at 234-35. The jury charge in the case included multiple theories of health care fraud, including the alternative methods by which the scheme was committed as alleged in the indictment. *Id.* at 235. One of those means included the payment or receipt of illegal remunerations in exchange for referrals of prescriptions. *Id.* The Court explained that the jury could have based its finding of guilt on health care fraud solely on the theory of illegal kickbacks. *Id.* at 236. Accordingly, the Court concluded that the defendant's sentence for health care fraud and violations of the Anti-Kickback Statute violated the Double Jeopardy Clause. *Id.*

The analysis set forth in *Ogba* applies equally here. Here, a conviction for health care fraud based solely on evidence that Dr. Edwards received illegal kickbacks means that the conviction for violating the Anti-Kickback Statute is a lesser included offense of health care fraud. The Indictment describes a single alleged referral and kickback scheme to support twenty-three separate counts. The scheme involves the same claimant (Professional Compounding), the same insurers (TRICARE and ILWU), and the same sales agents and marketers. The government will present the same evidence for both the health care fraud counts and two illegal remuneration counts (based on Dr. Edwards' alleged receipt of checks in exchange for providing prescriptions to Professional Compounding) to prove one fraudulent scheme. *See* Indictment at ¶¶ 1-33. By breaking up the scheme into multiple counts in the Indictment, Counts Thirty-Nine and Forty are prohibitively multiplicitous.

As charged in this case, 42 U.S.C. § 1320a-7b(b)(1)(A) is a lesser included offense to 18 U.S.C. § 1347. Therefore, it would violate the Double Jeopardy Clause to try Dr. Edwards on both illegal kickbacks and health care fraud based on the theories alleged in the Indictment. Dr. Edwards cannot be convicted or punished under both statutes.

**C.** **The Mail Fraud Counts (Twenty-Two through Twenty-Seven) are multiplicitous of the Health Care Fraud Counts because they are all based on the same conduct.**

Counts Twenty-Two through Twenty-Seven charge Dr. Edwards with violating the mail fraud statute, 18 U.S.C. § 1341, through alleged mailings of payments to Professional

MOTION TO DISMISS

Compounding that were made during the execution of the same alleged kickback and referral scheme on which the health care fraud counts are based. *See* Indictment at ¶ 29. As such, the *Ogba* analysis applies equally here and the mail fraud counts are deficient for the same reasons identified above.

Each mail fraud count involves the same victims (TRICARE and ILWU), the same patients, and the same underlying claims at issue in the health care fraud counts. The "gist" of the mail fraud and the health care fraud offenses is the same alleged fraudulent scheme and they rest on exactly the same facts, which is one traditional test of multiplicity under *Blockburger*. *See Blockburger*, 284 U.S. at 304. The alleged mailings are merely the payments for the same claims identified in the health care fraud counts. As the doctrine of multiplicity is motivated by the Double Jeopardy Clause's prohibition against multiple punishments for the same act, the doctrine should be applied here to dismiss the mail fraud counts.

Moreover, where the legislative history indicates that Congress intended to disallow prosecution under a more general preexisting statute, then the government may indict only under the specific statute. *See, e.g.*, *United States v. Jones*, 607 F.2d 269, 271 (9th Cir. 1979) (citations omitted); *Kniess v. United States*, 413 F.2d 752, 753-59 (9th Cir. 1969). That is the case here. 18 U.S.C. § 1347 was enacted as part of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 2016 (August 21, 1996). There had been pre-enactment prosecutions of "health care fraud" under both 18 U.S.C. § 1341 and other statutes, as noted during the consideration of HIPAA. *See* H. R. Conf. Rep. No. 104-736, 257, 1996 U.S.C.C.A.N. 1990, 2070 (July 31, 1996) ("HIPAA Conference Report"). Nevertheless, Congress went ahead with the enactment of § 1347, together with several other new statutes, which collectively form an integrated family of federal health care offenses. Thus, when Congress enacted § 1347, it was taking a comprehensive approach to the subject of health care offenses, including fraud offenses. Among other things, Congress also enacted a new definition of "Federal health care offense," 18 U.S.C. § 24(a), and that definition includes, *inter alia*, a violation of § 1341

MOTION TO DISMISS

that "relates to a health care benefit program," 18 U.S.C. § 24(a)(2).  It seems highly unlikely, under these provisions, that Congress possibly could have intended double convictions under both § 1341 and § 1347 for the same act.

Also, legislative intent indicates that an offense under § 1341 that relates to a health care benefit program cannot be charged where a § 1347 offense would be deficient, given Congress' concern to carefully limit the scope of criminal liability under § 1347.  For example, both the House and the Senate changed the *mens rea* requirement from merely "knowingly" to "knowingly and willfully," which considerably narrows the scope of criminalization.  *See, e.g.*, HIPAA Conference Report at 258.  In addition, the conferees addressed the need for a further narrow construction of § 1347 to ensure that criminal fraud is distinguished from professional disagreements or deviations from a prevailing medical standard of care.  *See id.*  The HIPAA Conference Report signals that federal courts should be wary of efforts to expand the scope of "health care fraud" too broadly.

Given the congressional concern to carefully limit the scope of criminal liability under Section 1347, it makes no sense to assume that Congress intended those limitations to be circumvented by simply re-charging the same offense under Section 1341.  The better interpretation of HIPAA is that an offense under § 1341 that relates to a health care benefit program cannot be charged where a § 1347 offense would be deficient.

For all of the reasons set forth above, Counts Twenty-Two through Twenty-Seven should be dismissed.

**IV.   IN THE ALTERNATIVE, THE COURT SHOULD ORDER THE GOVERNMENT TO ELECT WHICH COUNTS ON WHICH TO PROCEED.**

While the Double Jeopardy Clause does not necessarily preclude a prosecution that is based on a multiplicitous counts in an indictment, provided only one punishment is imposed, *Ball*, 470 U.S. at 860, courts have discretion to cure the problem prior to trial by dismissing the multiplicitous counts or forcing the government to elect one of them.  *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985).

MOTION TO DISMISS

One of the reasons the Court should do so here is because telling the jury that Dr. Edwards engaged in three separate crimes based on a single course of conduct would "falsely suggest to a jury that a defendant has committed not one but several crimes." *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (citations omitted); *see also United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) (when an indictment is multiplicitous, it "may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present") (citations omitted).   Having multiple counts based on the same course of conduct prejudices Dr. Edwards because it increases the likelihood that the jury will assume that Dr. Edwards must be guilty on at least some of the charges, and may encourage a flawed compromise verdict. *See id.*

Some courts have justified a decision not to force the government to make a pretrial election among multiplicitous counts because it is possible that a jury may find the defendant guilty of only one of the multiplicitous counts and not the others, thereby avoiding the problem.  *See, e.g., United States v. King*, 713 F. Supp. 2d 1207, 1219 (D. Haw. 2010).  But because the multiplicitous counts in this case allege identical conduct, the possibility of a split verdict is low.  If the jury finds that Dr. Edwards received an illegal kickback, then that act, without more, could logically support a finding of guilt on the health care fraud counts because they allege identical conduct.

The only way to effectively protect Dr. Edwards' Double Jeopardy rights is to cure the problem prior to trial by forcing an election among the multiplicitous counts.

## V.   CONCLUSION.

Based on the foregoing reasons, the Court should dismiss Counts Nine, Twenty-Two through Twenty-Seven, Thirty-Nine, and Forty, because they are multiplicitous. Alternatively, the Court should compel the government to elect which of the counts it intends to prove at trial and dismiss the remaining counts.

Dated: September 28, 2020                 BIENERT | KATZMAN PC

By: _____
    John L. Littrell
    Whitney Z. Bernstein
    *Attorneys for Defendant Michael Edwards*

MOTION TO DISMISS