John L. Littrell, State Bar No. 221601
jlittrell@bienertkatzman.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile:  (949) 369-3701

*Attorneys for Michael Edwards*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWARDS, et. al,<br><br>Defendant. | Case No. 8:20-cr-00018-JVS-3<br>Hon. James V. Selna<br><br>**NOTICE OF MOTION AND MOTION TO PRECLUDE HEARSAY STATEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of John L. Littrell, Application to File Documents Under Seal, and Declaration of John L. Littrell in Support of Application]<br><br>Hearing Date: November 2, 2020<br>Hearing Time: 9:00 a.m.<br>Courtroom: 10C (Hon. James V. Selna) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 2, 2020 at 9:00 a.m. in the courtroom of the Honorable James V. Selna, in the United States District Court for the Central District of California ("Court"), located at 411 West Fourth Street, Santa Ana, California, Defendant Michael Edwards ("Dr. Edwards") will and hereby does move this Court to preclude the government from introducing all statements made by Dr. Edwards and Regina Piehl ("Piehl") during a meeting in July 2019 that was surreptitiously recorded at the government's direction.

The statements should be excluded because they constitute inadmissible hearsay under Federal Rules of Evidence 801 and 802. The statements are also irrelevant and substantially more prejudicial than probative pursuant to Rules 402 and 403.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of John L. Littrell in support of this Motion ("Littrell Decl."), the concurrently-filed Application to File Documents Under Seal ("Application to Seal") and Declaration of John L. Littrell in Support thereof, the files and records of this case, and on such other and further argument and evidence as may be presented to the Court at the hearing on this matter.

Dated: September 28, 2020

BIENERT | KATZMAN PC

By: _____
John L. Littrell
Whitney Z. Bernstein
*Attorneys for Defendant Michael Edwards*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

Dr. Edwards seeks an order precluding the government from offering into evidence any statements made by either Dr. Edwards or his co-defendant Regina Piehl during a surreptitiously recorded meeting between the two on July 17, 2019.  Dr. Edwards attended that meeting at the government's direction, and in his role as a government cooperator.

The government does not intend to offer Dr. Edwards' statements against him for their truth.  *See* Littrell Decl. at ¶ 2.  However, the government does intend to offer Dr. Edwards' statements into evidence for the non-hearsay purpose of establishing the "context" of Piehl's statements to Dr. Edwards during the July 17, 2019 meeting.  *Id.*

Dr. Edwards concedes that Piehl's statements may be admissible *against her* as party admissions.  However, her statements are not admissible against Dr. Edwards because they are inadmissible hearsay when offered against him.  As demonstrated below, any claim by the government that her statements fall within some exception to the hearsay rule fails.  Moreover, Piehl's statements are irrelevant to the issues in the case against Dr. Edwards.  Finally, admitting her statements in a joint trial would be substantially more prejudicial than probative.  For all these reasons, the statements should be excluded from Dr. Edwards' trial.

### II.    FACTUAL BACKGROUND

#### A.    <u>The Indictment.</u>

On January 29, 2020, Dr. Edwards was charged via indictment with twenty-one counts of health care fraud in violation of 18 U.S.C §§ 1347(a)(2) and 2; six counts of mail fraud in violation 18 U.S.C. §§ 1341 and 2(b); and two counts of illegal remunerations in connection with health care program in violation of 42 U.S.C §§ 1320a-7b(b)(1)(A) (the "Anti-Kickback Statute") and 18 U.S.C. § 2(b).  *See* Indictment (Dkt. 1).

The Indictment alleges that between April 2014 and August 2016, Dr. Edwards, Piehl, and others participated in a fraudulent scheme to submit claims for reimbursement for compound creams to TRICARE and the International Longshore and Warehouse Union ("ILWU"), health care benefit programs that were known for paying some of the highest

1213497.1/22680.20002    MOTION TO PRECLUDE HEARSAY STATEMENTS

rates of reimbursement for the fulfillment of prescriptions for compound creams. *See id.* at ¶¶ 1-35. The Indictment alleges that sales agents and marketers, including Piehl, recruited medical professionals to write prescriptions for compound creams, and these sales agents and marketers were paid kickbacks for the referrals. *See id.* at ¶¶ 2-5. The government further alleges that Dr. Edwards set up and supervised sham clinical pain studies that targeted patients who had government or private insurance that paid lucrative reimbursement rates for compound creams, and that Piehl would pay Dr. Edwards commissions for having referred compound drug prescriptions, which were purportedly disguised as charitable contributions to Dr. Edwards's business entities. *See id.* at ¶¶ 6-7.

The last claim that the government seeks to attribute to Dr. Edwards and Piehl was submitted on April 8, 2016. *See id.* at ¶¶ 16-17, 22, 24(c)(v), 25. The alleged fraudulent mailings were also committed no later than 2016. *See id.* at ¶ 29 (Counts Twenty-Two through Twenty-Seven). Piehl allegedly received kickbacks in violation of the Anti-Kickback Statute between February 2015 and May 2015. *See id.* at ¶¶ 31-33. Dr. Edwards is alleged to have received improper kickbacks in March 2015. *See id.* at ¶ 33. Payments attributable to the allegedly false claims ended in 2016. *See id.* at ¶ 29.

**B.    The July 2019 Meeting between Piehl and Dr. Edwards.**





3

MOTION TO PRECLUDE HEARSAY STATEMENTS

███████         ███████████████

███        ████████████████████

███████    ██████

██████     ████████████████████████

████████████████████

## III.   DR. EDWARDS' STATEMENTS ARE INADMISSIBLE AGAINST HIM

The government does not intend to offer Dr. Edwards' statements against him for any purpose other than providing context and background for the statements made by Ms. Piehl to him.  Littrell Decl. at ¶ 3.  Dr. Edwards' statements are admissible for that limited purpose, however, only if Piehl's statements are independently admissible against him.  Piehl's statements are inadmissible against Dr. Edwards, as explained more fully below.  Thus, Dr. Edwards' "contextualizing" statements are unnecessary and should be excluded.

## IV.   PIEHL'S STATEMENTS ARE INADMISSIBLE AGAINST DR. EDWARDS

Even assuming Piehl's statements are admissible against her, they are not admissible against Dr. Edwards.  *See United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir. 1979) (holding that statements "are admissible as party admissions *only against the individual declarants*," while "[a]dmissions by individual defendants could not be considered as evidence against the other defendants") (emphasis added).  Further, as to the case against Dr. Edwards, Piehl's statements are irrelevant.  Given the prejudice of Piehl's statements, it would be impossible for a jury to consider them only against Piehl in a joint trial.  Any nominal probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time.  Fed. R. Evid. 403.

### A.   Piehl's statements are inadmissible hearsay as to Dr. Edwards.

Piehl's statements to Dr. Edwards are inadmissible hearsay because they are out of court statements offered to prove the truth of the matter asserted.  Fed. R. Evid. 801.

Fed. R. 801(d) sets forth various categories of statements that are not considered "hearsay."  Piehl's statements do not fall within any of those categories.

Rule 801(d)(2)(A) does not apply because Piehl was not speaking on behalf of Dr.

4

Edwards in a representative capacity.  Piehl's statements may be admissible *against her*, *see Eubanks*, 591 F.2d at 519, but they are not admissible against Dr. Edwards.

Rule 801(d)(2)(B) does not apply because Dr. Edwards never adopted Piehl's statements.  *United States v. Villa*, 19 F. App'x 696, 697 (9th Cir. 2001)(unpub.).  Given that Dr. Edwards was surreptitiously recording the conversation at the government's direction and his role was to gather evidence against Piehl, the government cannot establish that Dr. Edwards acceded to, agreed with, or manifested any intention to adopt Piehl's statements.  *See United States v. Nevarez*, 659 F. App'x 417, 419 (9th Cir. 2016) (unpub.); *United States v. Sanchez-Soto*, 617 F. App'x 695, 696-97 (9th Cir. 2015) (unpub.).

Rule 801(d)(2)(C) does not apply because Piehl was not authorized to speak for Dr. Edwards.  The government cannot show that Piehl "enjoyed the specific 'speaking authority' contemplated by [Rule] 801(d)(2)(C)" to make statements on behalf of Dr. Edwards.  *See Sabel v. Mead Johnson I& Co.*, 737 F. Supp. 135, 139 (D. Mass. 1990).

Because Piehl was not an agent of Dr. Edwards and was not making statements during the scope of any existing agency relationship, her statements are not admissible under Rule 801(d)(2)(D).  *See Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002). At the time of the July 2019 Meeting, Dr. Edwards was a government informant and knowingly recording Piehl's statements for the government's investigation.

Finally, Piehl's statements are not admissible against Dr. Edwards under Rule 801(d)(2)(E).  First, Dr. Edwards was not conspiring with Piehl at the time of the July 2019 Meeting; rather, he was acting as the government's agent.  Second, no conspiracy existed at the time of the July 2019 Meeting.  The object of the alleged conspiracy – the mailing of allegedly fraudulent claims and receipt of allegedly improper payments – ended in August 2016.[2]  Third, Dr. Edwards was not a conspirator, but a government agent, at the time of

---

[2] *See* Indictment at ¶¶ 16-17, 22-35; *Bourjaily v. United States*, 483 U.S. 171, 176 (1987); *United States v. Liera*, 585 F.3d 1237, 1245-46 (9th Cir. 2009).  And steps taken to conceal a completed conspiracy do not extend the scope of that conspiracy for the purpose of admitting co-conspirator statements.  *Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949); *Lutwak v. United States*, 344 U.S. 604, 617–19 (1953); *Grunewald v. United States*,

5

the July 2019 Meeting, and one cannot conspire with government agents.[3]  Fourth, Piehl's statements were not made in furtherance of any conspiracy because they did not advance any objectives of a conspiracy or set in motion any transactions that were an integral part of a conspiracy.  At most, Piehl's statements were after-the-fact expressions of frustration and anxiety, admissions of culpability to a person she trusted, and/or a discussion about future plans.[4]  *See Eubanks*, 591 F.2d at 520 ("Not all statements made by co-conspirators can be considered to have been made in furtherance of the conspiracy.").

No other exceptions to the hearsay rule apply.  Therefore, Piehl's statements to Dr. Edwards during the July 2019 Meeting are inadmissible.  Fed. R. Evid. 802.

### B.      Piehl's statements are not relevant in the case against Dr. Edwards.

Only evidence that is relevant is admissible.  Fed. R. Evid. 402.  Even if Piehl's statements were non-hearsay under Rule 801(d)(2), they are not admissible against Dr. Edwards because they are not relevant to any disputed issue.  *See, e.g.*, *United States v. Mayfield*, 189 F.3d 895, 901 (9th Cir. 1999) (criticizing the district court's admission of police officer's testimony that was irrelevant since the validity of the search warrant, timing of the search warrant, and the officer's state of mind were not relevant to the issues in the case charging defendants with possession with intent to distribute cocaine, in addition to being prejudicial to one of the defendants); *United States v. Brock*, 667 F.2d 1311, 1315 (9th Cir. 1982) (testimony regarding co-defendant's evasive actions designed to shed DEA

---

353 U.S. 391, 402-05 (1957); *United States v. Vowiell*, 869 F.2d 1264, 1267-70 (9th Cir. 1989); *United States v. Reed*, 726 F.2d 570, 580 (9th Cir. 1984).

[3] *See United States v. Smith*, 623 F.2d 627, 631 (9th Cir. 1980); *United States v. Brown*, 879 F.3d 1043, 1048 (9th Cir. 2018); *United States v. Ching Tang Lo*, 447 F.3d 1212, 1225–26 (9th Cir. 2006); *United States v. Escobar de Bright*, 742 F.2d 1196, 1198-1200 (9th Cir. 1984); *United States v. Young*, 13 F. App'x 713, 713–14 (9th Cir. 2001) (unpub.).

[4] *See* Indictment at ¶¶ 16-17, 22-35; *Lutwak*, 344 U.S. at 617; *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991) (citations omitted); *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993); *United States v. Yarbrough*, 852 F.2d 1522, 1535-36 (9th Cir. 1988); *United States v. Traylor*, 656 F.2d 1326, 1332–33 (9th Cir. 1981); *United States v. Moore*, 522 F.2d 1068, 1077 (9th Cir. 1975).

1213497.1/22680.20002          MOTION TO PRECLUDE HEARSAY STATEMENTS

surveillance was inadmissible because it was irrelevant). *Capitol Indem. Corp. v. Canon*, 29 F.3d 630 (9th Cir. 1994) (excluding letter written by third party describing intention of defendant to burn down plaintiff's building; noting that "the letter is relevant only with regard to the matters asserted in it.  The letter could not be offered to prove the state of mind of [the defendant] and the [author's] state of mind is irrelevant.").  Accordingly, Piehl's statements are not relevant and Fed. R. Evid. 402 bars their admission.

**C.** **The probative value of Piehl's statements is substantially outweighed by the danger of unfair prejudice and misleading the jury.**

Under Rule 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Even if Piehl's statements were otherwise admissible, they still present a substantial risk of prejudice that weighs in favor of excluding the evidence. *See United States v. Cummings*, 858 F.3d 763, 774-75 (2d Cir. 2017) (even when court was uncertain whether improperly admitted statements only had a "very slight effect" on jury, the prejudicial nature of the statements required reversal).

Piehl's one-sided statements about her beliefs and intentions could mislead the jury into believing that Dr. Edwards agreed with her and confirmed things that allegedly happened in the past, when in fact Dr. Edwards was acting as a government agent and attempting to solicit information from Piehl so the government could build its case against her.  Moreover, given the highly prejudicial nature of Piehl's statements, it would be impossible for a jury to consider them solely against Piehl, and not against Dr. Edwards, in a joint trial.

Also, admission of Piehl's statements would waste time and could compromise Dr. Edwards' Fifth Amendment rights since the parties would have to provide a lengthy explanation that the jury would otherwise never hear regarding the background and context for the statements, █████████████████

███████████████████████████████

1213497.1/22680.20002          MOTION TO PRECLUDE HEARSAY STATEMENTS

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ *See*

Littrell Decl., Exhs. A and B.  This presentation would compromise Dr. Edwards' Fifth Amendment rights, unnecessarily waste time, and confuse the issues for the jury.

## V.   CONCLUSION

For all of the foregoing reasons, the Court should preclude the government from introducing any statements made during the July 2019 Meeting in Dr. Edwards' trial, including the handwritten note sent by Piehl to Dr. Edwards in advance of the meeting.

Dated: September 28, 2020

BIENERT | KATZMAN PC

By: _____

John L. Littrell
Whitney Z. Bernstein
*Attorneys for Defendant Michael Edwards*

1213497.1/22680.20002   MOTION TO PRECLUDE HEARSAY STATEMENTS