John L. Littrell, State Bar No. 221601
jlittrell@bienertkatzman.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bienertkatzman.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Attorneys for Michael Edwards*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWARDS,<br><br>Defendant. | Case No. 8:20-cr-00018-JVS-3<br>Hon. James V. Selna<br><br>**MICHAEL EDWARDS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS NINE, TWENTY-TWO THROUGH TWENTY-SEVEN, THIRTY-NINE, AND FORTY ON GROUNDS OF MULTIPLICITY (Dkt. No. 100)**<br><br>Hearing Date: November 2, 2020<br>Hearing Time: 9:00 a.m.<br>Courtroom: 10C (Hon. James V. Selna) |

## I.    Introduction.

The government does not dispute that all three crimes with which Dr. Edwards has been charged – health care fraud, mail fraud, and violations of the Anti-Kickback Statute – are based on a single course of conduct described in the Indictment.

As to Counts Eight and Nine, the government concedes that they are "facially identical."  Dkt. No. 114 ("Opp.") at 1.  However, it asserts that this was due to a typographical error.  According to the government, it *intended* to present two separate charges to the grand jury, and the discovery puts Dr. Edwards on notice of separate conduct that the government *meant* to charge.  But that argument misses the point. The concern with multiplicitous counts is that a single offense *has been* charged in two separate counts, in violation of the Constitution's Double Jeopardy clause.  The government cannot cure the multiplicity problem by simply providing notice of what conduct it hoped the grand jury *would have* charged.  At a minimum, the government should provide Dr. Edwards with the relevant portions of the grand jury transcripts to ensure that the government did not present the same "clerical error" to the grand jury, such that it indicted twice on the same claim.

As to the kickback counts, the government attempts to distinguish *United States v. Ogba*, 526 F.3d 214 (5th Cir. 2008), the primary authority upon which Dr. Edwards relies, but it points to no contrary authority in the Ninth Circuit.  The government reluctantly acknowledges that the health care fraud counts involving claims submitted to Tricare (Counts 1-10) could at least potentially be based on the same conduct that is charged in the kickbacks counts, but denies any multiplicity problem with respect to fraud counts involving claims submitted to the ILWU Health Care Benefit Plan (Counts 11-21), because the AKS does not apply to conduct not submitted to a federal health care program.  If that is the case, then at minimum the Court should dismiss Counts 11-21 as multiplicitous.

As to the health care fraud and mail fraud counts, the government acknowledges that the charges are based on essentially the same conduct but says that it does not matter.  Whereas the health care fraud counts are based on the submission of claims to insurance companies (Counts One through 22), and the mail fraud counts are based on the payments

DR. EDWARDS' REPLY IN SUPPORT OF MOTION TO DISMISS MULTIPLICITIOUS COUNTS

the insurance companies made in response to those very same claims (Counts 22-27). But for the jurisdictional element of using the mail (for Counts 22-27), the conduct is the same.

**II.    The government's arguments regarding Counts Eight and Nine rely on irrelevant concerns about notice and fail to address the concerns about double jeopardy.**

The government argues that Counts Eight and Nine of the Indictment are not multiplicitous because the fact that those claims are identical is due to a clerical error. *See* Opp. at 5-10. It claims that discovery produced to the defense on October 7, 2020 demonstrated that the claims identified in Counts Eight and Nine are separate and distinct and, therefore, Dr. Edwards is on notice that he is being charged with two separate claims. *See id.* at 8-10; Declaration of Cory Oravecz at ¶¶ 5-9, Exh. E.

Even assuming the government's discovery solves the "notice" problem, it does not solve the multiplicity problem. Multiplicitous claims implicate concerns about violations of the Double Jeopardy clause. *See United States v. Lynn*, 636 F.3d 1127, 1136-38 (9th Cir. 2011); *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005), citing *United States v. Vargas-Castillo,* 329 F.3d 715, 718-19 (9th Cir. 2003) ("[a]n indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions"). As such, the government's cited cases are inapposite since neither of them involve multiplicitous counts but rather a motion for a bill of particulars and a motion to dismiss for failure to charge an offense. *See* Opp. at 9, citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (in which the Ninth Circuit observed that when "*determining if a **bill of particulars** should be ordered in a specific case*, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government") (emphasis added); *United States v. Previti*, 644 F.2d 318, 319 (4th Cir. 1981) (in which the Fourth Circuit held that the indictment at issue "fully comports with Rule 7 of the Federal Rules of Criminal Procedure," rejecting the defendant's argument that the indictment was fatally defective because it failed to allege the essential elements for a charge under 18 U.S.C. § 656 and failed to set forth facts sufficient to apprise him of this charge).

Nothing in the government's opposition addresses or obviates Dr. Edwards' concern that the grand jury charged him on two counts based on the same claim.

A court may authorize disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).  A particularized need is established if "(1) the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991).  As set forth above, Dr. Edwards has established a particularized need for the relevant portions of the grand jury transcripts relating to Counts Eight and Nine of the Indictment.  The need to disclosure is greater than the need for continued secrecy as Dr. Edwards needs to confirm that the government did not present same "clerical error" to the grand jury and, accordingly, did not violate his constitutional rights.  Disclosure would therefore avoid a possible injustice regarding the violation of the Double Jeopardy Clause.

Accordingly, Dr. Edwards requests that the Court order the government provide the portions of the grand jury transcripts relevant to Counts Eight and Nine of the Indictment.

### III. The government fails to meaningfully distinguish *Ogba* and its persuasive reasoning that violations of the aks are lesser included offenses to health care fraud.

The government's attempts to distinguish *United States v. Ogba*, 526 F.3d 214 (5th Cir. 2008) are unavailing.  It does not matter that *Ogba* is a Fifth Circuit case and "not controlling law in the Ninth Circuit."  *See* Opp. at 12-13.  Unlike the cases cited in the government's opposition, *Ogba* is directly on point, and its reasoning applies here.

The government's cited cases are distinguishable because they either involve conspiracy charges (which are not charged here) or separate counts that are based on the same statute.  For example, in *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005), the defendant argued that the government "improperly subdivided a single criminal conspiracy into multiple counts" and, therefore, the counts charging a conspiracy to commit mail fraud and wire fraud and a separate count charging a conspiracy to launder money

DR. EDWARDS' REPLY IN SUPPORT OF MOTION TO DISMISS MULTIPLICITIOUS COUNTS

were multiplicitous. The Ninth Circuit rejected this argument, reasoning that convictions on these separate conspiracy charges required finding separate agreements and "the acts necessary to establish a conspiracy to commit mail and wire fraud will not necessarily also support a conviction for conspiracy to launder money, or vice versa." *Kimbrew*, 406 F.3d at 1152. Similarly, in *United States v. Awad*, 551 F.3d 930, 937-38 (9th Cir. 2009), the Ninth Circuit rejected the defendant's argument that 24 counts of health care fraud were multiplicitous because all 24 acts were in furtherance of a single scheme, holding that "[e]ach submission of a fraudulent claim to a health care benefit program, rather than being simply an act in furtherance of a larger scheme to defraud, is a separate execution of the scheme and is itself chargeable as a separate count." *Id.* at 938; *see also United States v. Garlick*, 240 F.3d 789, 790 (9th Cir. 2001) (multiple counts of wire fraud not multiplicitous because "[e]ach count rested on entirely separate uses of the wires.").

The government contends that even if *Ogba's* reasoning applies to the allegations of health care fraud related to claims made to Tricare (Counts 1-10), it cannot apply to the allegations of health care fraud related to claims made to the ILWU Health Care Plan because it is a private health plan and therefore the payment of a kickback would not violate the Anti-Kickback Statute. Opp. at 14. Dr. Edwards concedes this point. But at a minimum, the Court should dismiss the health care fraud counts relating to Tricare.

## IV.    None of the government's cases rebut Dr. Edwards' showing that the mail fraud counts are multiplicitous.

The government cites *United States v. Hussain*, 972 F.3d 1138, 1141-42 (9th Cir. 2020) for the proposition that wire fraud and mail fraud are not "general fraud statutes, but instead they criminalize frauds that specifically involve misuse of the means of communication, namely the wires and mails, and in doing so they protect these instrumentalities of communication." Opp. 114 at 16. But *Hussain* had nothing to do with multiplicity. Rather, *Hussain* was solely concerned with the extraterritorial application of those statutes. *Id.* Likewise, *United States v. Capener*, No. 3:05-CR-0114-RCJ-RAM, 2006 WL 8429828, at *1-7 (D. Nev. Sept. 22, 2006) is distinguishable and not controlling

DR. EDWARDS' REPLY IN SUPPORT OF MOTION TO DISMISS MULTIPLICITIOUS COUNTS

authority.  The district court there concluded that the mail fraud counts of the indictment were not multiplicitous to the charged health care fraud counts because "the underlying facts to each offense are not completely identical" (among other things, the health care fraud counts involved the defendant's purported misuse of four incorrect codes relating to different medical procedures on health insurance claim forms).

In contrast, the mail and health care fraud counts charged against Dr. Edwards are based on *the same, single alleged referral and kickback scheme involving the same claimant, the same insurers, the same sales agents and marketers, the same patients, and the same underlying claims*.  The alleged mailings are merely the payments for the same claims identified in the health care fraud counts.  *See* Indictment at ¶¶ 1-29.

The "gist" of the mail fraud and health care fraud offenses is the same alleged fraudulent scheme and they rest on exactly the same facts.  *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).  And, for reasons explained in the Motion (Dkt. No. 100), the legislative history of § 1347 indicates Congress' intent not to permit charging an offense under § 1341 that relates to a health care benefit program where a § 1347 offense would be deficient.  According, Counts Twenty-Two through Twenty-Seven should be dismissed.

**V.    Conclusion.**

For reasons set forth above and in the underlying Motion (Dkt. No. 100), the Court should dismiss Counts Nine, Twenty-Two through Twenty-Seven, Thirty-Nine, and Forty, on grounds of multiplicity.  Alternatively, the Court should compel the government to elect which of the counts it intends to prove at trial and dismiss the remaining counts.

Respectfully submitted,

Dated:  October 26, 2020              BIENERT | KATZMAN PC

By: *s/ John L. Littrell*
     John L. Littrell
     Whitney Z. Bernstein
     *Attorneys for Michael Edwards*

5

DR. EDWARDS' REPLY IN SUPPORT OF MOTION TO DISMISS MULTIPLICITIOUS COUNTS