**Kenneth A. Reed**
**Law Offices of Kenneth A Reed**
**406 West Fourth Street**
**Santa Ana, CA 92701**
**(714) 953-7400**
**Fax: (714) 953-7412**
**Kenneth@kennethreedlaw.net**

Attorney for: Michael Edwards

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MICHAEL EDWARDS, <br><br> Defendant. | Case No.: 20-cr-0018-JVS-3 <br> **DEFENDANT EDWARD'S SUPPLEMENTAL FILING REGARDING SENTENCING** <br> Date: June 17, 2024 <br> Time: 10:00 a.m. <br> Crt.: James V Selna |

**I.**
**INTRODUCTION**

Defendant Michael Edwards, by and through his attorney of record, Kenneth A. Reed, hereby files his sentencing position.

This supplemental sentencing position is based upon the attached memorandum, the disclosed recommendation letter, and the Presentence Investigation Report.

Michael Edwards has reviewed the probation and sentencing report. He has no outcome determinative objections to the factual statement, Guideline calculation, or criminal history calcution.

Mr. Edwards adopted the factual basis of the plea agreement and he stands by that admission. However, the PSR indicates that the research that Dr. Edwards conducted was sham research. As stated above Dr. Edwards has admitted the the facts that constitutes the crimes that he has admitted. He does not agree that the research was shame research, such an assertion is beyond the admission and the facts stupluated in this case.

1. **The Offense and Plea**

On February 6, 2024, Michael Edwards pled guilty to Counts 42 and 43 of a 55-count Superseding Indictment (FSI). The FSI also names James Nate Bell (Bell), Regina Piehl (Piehl), Sara Samhat (Samhat), and James Bradford (Bradford). Mr, Edwards was named in Counts 1-21, 22-27, 42, and 43.

Count 42 charged that on March 8, 2015, Edwards violated 42 U.S.C. § 1320a-7(b)(D)(1)(A) and 18 U.S.C. § 2(b): Illegal Remunerations in Connection with Federal Health Care Programs.

Count 43 charges that on March 9, 2015, Edwards violated 42 U.S.C. § 1320a-7b(b)(1)(A) and 18 U.S.C. § 2(b): Illegal Remunerations in Connection with Federal Health Care Programs.

In a written plea agreement, the parties agreed to a base offense level of 8 USSG §2B4.1(a), with a 4-level increase pursuant to USSG §2B4.1(b)(1)(B),and §2B1.1(b)(1)(C)1; and a 2-level decrease pursuant to USSG §4C1.1.

Both the government and Mr. Edwards reserve the right to argue that additional specific offense characteristics, adjustments, and departures apply, and to argue for a sentence outside the guideline range based on the factors set forth in 18 U.S.C. §§ 3553(a), (a)(2), (a)(3), (a)(6), and (a)(7).

Also pursuant to thw written plea agreement The Government agrees, at the time of sentencing, to dismiss the remaining counts of the Indictment[1] against Mr Edwards and to recommend up to a 3-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1.

---

[1] Counts 1 through 21 charge violations of 18 U.S.C. §§ 1347(a)(2), 2: Health Care Fraud, and Aiding and Abetting.

Counts 22 through 27 charge violations of 18 U.S.C. §§ 1341, 2(b): Mail Fraud, and Aiding and Abetting.

Further, Counts 1 through 21, and 22 through 27, of the underlying Indictment, are also to be dismissed.

**2. Offense Computation**

Base Offense Level: The guideline for a violation of 42 42 U.S.C. § 1320a-7(b)(D)(1)(A) USSG §2B4.1:
The base offense level is . . . . . . . . . . . . . . . . . . . 8
Specific Offense Characteristics:
USSG §§2B4.1(b)(1)(B), 2B1.1(b)(1)(H) . . . . . . . . . . +14

Mr. Edwards has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by 3 levels.
USSG §3E1.1(a). . . . . . . . . . . . . . . . . . . . . . . . -3
Zero-Point Offender U.S.S.G. § 4C1.1                        -2

Variance                                                    -3

Total Offense Level                                         <u>14</u>

**3. Criminal History**

The criminal history calculation in the PSR renders a criminal history score of 0 points which results in a criminal catergory of I.

**4. Sentencing Issues**

It is clear that a sentencing court must give respectful consideration to the U.S. Sentencing Guidelines, Booker[2] permits the court to tailor the sentence in light of other statutory concerns as well.

In light of the forgoing the post Booker sentencing scheme has been to have the Guidelines as the starting point

---

[2] United States v Booker 543 U.S. 220(2005)

and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C.S. § 3553(a)[3], subject to appellate review for "reasonableness." Dr. Edwards was a resepected member of the medical profession.  He still has the respect of his family[4] and of those that he works with and on the case of Mr. Dan Davis, has worked for.  Mr. Davis states:

> "Dr. Edwards' work has been essential to the success of two major USA clinical trials that resulted in the FDA emergency approval of two critical home testing devices needed for the detection of Covid 19 as well as Influenza A and B for children and adults."

---

[3] Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider:
1. The nature and circumstances of the offense and the history and characteristics ofthe defendant;
2. The need for the sentence imposed--
a. To reflect the seriousness of the offense; to p
romote respect for the law, and to provide just punishment for the offense;
b. To afford adequate deterrence to criminal conduct;
c. To protect the public from further crimes of the defendant; and
d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;

[4] Please see the letter of Sara Samhat and the Letter of Dan Davis attached to this filing.

US v. Edwards        **Defendant's Sentencing Position**        Case No SA 20-cr-0018-JVS-3

Dr. Edwards assisted the government in its investigation of this matter by wearing a concealed recording device and engaging in a conversation with others.

## Conclusion

The defense would join the position of the Government regarding a variance, however the defense also would request a sentence of a year and a day.

*Kenneth Reed*
_____
Kenneth A. Reed
Attorney for Defendant
Michael Edwards

Case 8:20-cr-00018-JVS   Document 325   Filed 08/09/24   Page 7 of 9   Page ID #:2083

**Attachments to Filing**

Sara Samhat

6522 Brad Drive

Huntington Beach, CA 92647

June 24, 2024

Dear Honorable Judge Selna,

I am writing to you with a heavy heart and a sincere plea for leniency regarding the case of Michael Edwards. Michael Edwards is a caring, loving father to our 8-year-old twins Jackson and Olivia and his presence is crucial to their well-being. I currently work full-time on a traditional work schedule and Michael provides after-school and evening childcare Monday through Friday. His flexible work schedule allows him to pick-up the kids after school and shuttle them to 'homework club', math tutoring and swimming lessons. They are at a critical age in their development and not having their father present daily would be damaging to their development. Michael has always had a very tight bond with both of our kids, not just because he provides the majority of childcare during the work week, but because he has always been a hands-on father since they were born. The psychological ramifications of such an absence at their tender age are deeply worrying to me as a mother.

Financially, Michael is equally vital. He shoulders the burden of health insurance costs ($1300/mo.), tutoring ($600/mo.) and various extracurricular activities that are essential for the growth and development of our children ($300-$400/mo), not to mention other living expenses. Losing his financial support would impose a severe strain on our family's resources, making it very difficult for me alone to maintain the stability and opportunities we have worked so hard to provide for Jackson and Olivia. My income alone does not support everything mentioned above.

I humbly ask you to consider the far-reaching consequences that taking Michael into federal custody would have on our family. He is a good man who does important work for public health and loves and supports all his six children. The hardship, both financial and emotional, would be devastating. I understand the importance of justice and the law, but I fervently hope that compassion and understanding can also play a role in your decision. I believe that Michael deeply regrets his actions involved in this case and is genuinely remorseful. Knowing what shame and embarrassment he brought to his family will be punishment enough for him.

Thank you for taking the time to read my letter and for considering my heartfelt plea. Your kindness and empathy in this matter would mean a lot to our family.

Sincerely,

*Sara Samhat*

Sara Samhat



4780 I-55 N. Frontage Road, Suite 450
Jackson, MS 39211-5583
Corporate Office (866) 928-6463
www.watmindusa.com

June 24, 2024

Dear Honorable Judge Selna,

First, I would like to introduce myself and my background. I own and manage several companies. My oldest company is 39 years old. We have been fortunate to be able to grow our companies and provide hundreds of jobs throughout the United States. One of my companies is Watmind USA.

As the CEO of Watmind USA, I have worked closely with Dr. Michael Edwards since the beginning of the US pandemic response in 2020. He is acted beyond reproach with great integrity through two very difficult US public health projects. He has led a team from a special National Institutes of Health (NIH) emergency response program successfully for 3 years with 2 major project completions with an additional one running now.

Dr. Edwards' work has been essential to the success of two major USA clinical trials that resulted in the FDA emergency approval of two critical home testing devices needed for the detection of Covid19 as well as Influenza A and B for children and adults.

Without question, his work has helped his fellow citizens survive during the Covid19 pandemic. Dr. Edwards' unique insight and intelligence was required to complete these projects successfully.

Now his expertise is deeply needed for the US response to the possibility of an Influenza H5 (Bird Flu) pandemic. With the NIH, he is working on a state-of-the-art molecular platform which will help enable the CDC to respond quickly as the virus mutates and reaches humans, which could save millions of lives as the Bird Flu is currently threatening to emerge as a pandemic.

We understand Dr. Edwards made mistakes in 2014 and 2015 and I know he is deeply remorseful. However, removing him from his work now at this critical time could potentially be harmful to our fellow citizens counting on the deployment of this new molecular technology for homes and farms.

Respectfully, please let me know if you have any questions or if there is anything I can do to help you and the US Government in this matter.

Respectfully,

Dan Davis

CEO, Watmind USA